BY THE COURT.
The witness is directly interested. If the *135 ■plaintiff recover, -whatever is the amount, it lessens the fund to he distributed to the witness — if he fail, the sum is increased — he cannot be sworn.
Nichols and Cowen, for the plaintiff.
Hubbard, contra.
The defendant then offered in evidence the will of the father, in which a legacy of several hundred dollars is left to the plaintiff. This was objected to.
BY THE COURT. We do not see how the will can be used. The legacy does not purport to be a compensation for labor, and it ias not been paid over to the plaintiff. The evidence is rejected.
WRIGHT, J. to the jury. If the plaintiff worked for his father while living at home, in the way children commonly do, without .agreement for pay, whatever may have been his own calculations -of favor from his father’s will, he has no legal right, if disappointed, to turn round and make that a work for hire, which when done was ■gratuitous. The law implies a promise to pay for labor when one ■does it for another, though there is no special agreement; but that presumption does not hold when a child, though adult, makes his home with his parent, works for him, and gets his subsistence from the family: ante 89. A son may labor for his father as an hireling, and be entitled to pay as one. You will take all the circumstances of this case into view, and if you find the plaintiff has labored for the defendant for hire, you will find a verdict for him for so much as the services were reasonably worth, deducting what he received while the work was in progress, if anything.
Verdict and judgment for the plaintiff, for three hundred and forty dollars.