## McCue *versus* Ferguson.

1. It is not competent in slander to prove by the opinion of the witness, the averment that words spoken in the third person, were spoken of the plaintiff.

2. When the words are spoken in the second person, to whom they were addressed of a number present is a question of fact, and if the name of the person is not used it is necessarily dependent upon opinion.

3. In slander the defendant put in a plea of justification and afterwards withdrew it; on a second trial he testified that he had not said that the words were true. The withdrawn plea of justification was not evidence in contradiction of his statement.

4. Rangler v. Hummel, 1 Wright 130, affirmed and distinguished.

March 11th 1873. Before READ, C. J., AGNEW, SHARSWOOD and MERCUR, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Luzerne county* : No. 258, to January Term 1873.

This was an action of slander, brought August 9th 1869, by Ettie Ferguson against Richard McCue; the words imputed want of chastity of plaintiff.

The case was tried June 17th 1871, a verdict found for the plaintiff for $1700 and a new trial granted. It was again tried February 13th 1872; the defendant filed a plea of justification; the verdict was for the plaintiff for $2333, and a new trial again granted.

The plaintiff, on the 28th of October, by leave of the court, withdrew the plea of justification and pleaded "not guilty."

The case was again tried October 29th 1872, before Harding, P. J.

The plaintiff testified, that in June 1869, she was at the office of Alderman Jay in Scranton; the defendant came there to go bail for some persons. "He said to me, 'You keep a damned (disreputable house), and it is damned easy to prove it,' Mrs. Flynn and her daughter, Mrs. Mucklow, P. J. Collins and Norton Wolcott were present; so were my mother and myself. * * * McCue stopped, turned around on the step and looked me full in the face and made use of the words already stated."

On cross-examination she said that her mother had had Mrs. Flynn arrested, and she and her mother had gone to the alderman's office to have them bound over. The plaintiff offered in

[McCue *v.* Ferguson.]

evidence the plea of justification, which had been filed and withdrawn; the court rejected the offer.

Another witness testified: "McCue said to Ettie," the same words which plaintiff testified to. The plaintiff having rested, the defendant testified, that he had addressed the words to Mrs. Ferguson and not to the plaintiff.

On cross-examination he said, "I never said this assertion about her was true in person; never said the words were true as to the plaintiff and her mother. I believe I said they kept the stock or the stock kept them."

The defendant proposed to ask Bridget Flynn, who was present when the words were spoken, to whom she thought the words were addressed. This was objected to by the plaintiff, on the ground that speaking the words was a fact, and while the time, place and manner of the speech were evidence, the opinion of the witness was not competent.

The court rejected the offer and sealed a bill of exceptions.

The plaintiff in rebuttal offered in evidence the plea of justification; it was objected to by the defendant, admitted by the court and a bill of exceptions sealed.

The defendant was recalled and on cross-examination plaintiff asked him if he had subpœnaed a number of witnesses to support the plea of justification. The defendant objected to the question, it was admitted, and a bill of exceptions sealed.

The court, amongst other things, charged as set out in the third assignment of error as given below.

The verdict was for the plaintiff for $1500.

The defendant took out a writ of error, and assigned for error:

1. Refusing to allow defendant to prove by bystanders to whom the words were addressed.

2. Admitting in evidence the withdrawn plea of justification.

3d. In charging the jury:—

"Whatever may be the rule elsewhere, in this country it is not competent for a witness to state to whom he understood the words charged in the declaration to apply. He can testify only to facts or declarations; his understanding of the intention of a party is not evidence; it is a matter resting entirely in his own mind, and cannot be disproved. In short, it is solely the province of the jury to draw such conclusions from the facts or declarations testified to, as they shall conscientiously believe to be warranted. In other words, *twelve* men, and not *one*, must determine who was meant.

"While it is conceded that such is the rule applicable to testimony sought to be introduced in aid of a plaintiff's case, where the purpose is to support an innuendo by the opinion of a witness, still, it has been ably argued on the part of the defence that, as the injury alleged to have been inflicted depends entirely upon the

understanding which the bystanders got as to the person meant when the words were spoken, therefore, the opinion of the bystanders upon this point, is not only material, but competent for the consideration of the jury.   We must decline so to charge you."

*H. W. Palmer* (with whom were *F. Gunster* and *W. W. Ketcham*), for plaintiff in error.

*C. Smith* (with whom was *A. H. Winton*), for defendant in error. —It was the province of the jury, not of the witness, to state facts : Rangler *v.* Hummel, 1 Wright 133 ; Van Vechten *v.* Hopkins, 5 Johns. R. 211 ; Murray *v.* Bethrons, 1 Wendell 196 ; Gibson *v.* Williams, 4 Id. 320 ; Beardsley *v.* Maynard, Id. 337 ; 2 Starkie on Evid. 261.

The opinion of the court was delivered, March 17th 1873, by

SHARSWOOD, J.—It was certainly settled in Rangler *v.* Hummel, 1 Wright 133, that in an action of slander it is not competent to prove the averment that the words were "spoken of and concerning the plaintiff," and thus aid the *innuendo* by the opinion of a witness that the defendant meant the plaintiff in the word used. The authorities relied upon were Van Vechten *v.* Hopkins, 5 Johns. 235 ; Gibson *v.* Williams, 4 Wend. 320 ; and Snell *v.* Snow, 13 Metcalf 278.   Later cases are in conflict with these decisions : Miller *v.* Butler, 6 Cushing 71 ; McLaughlin *v.* Russell, 17 Ohio 475 ; Smawley *v.* Stark, 9 Ind. 388 ; Tompkins *v.* Weisse, 1 Sand. 458.   We do not mean, however, to cast any doubt upon Rangler *v.* Hummel, but to adhere to and re-affirm it. We think that there is a plain distinction to be drawn between that and all the other cases cited and the one presented on this record.   They were all cases of the slander of an absent person. The opinion of a witness could only be as to the meaning of the words used, of which, when all the facts and circumstances were given in evidence, the jury would be as good judges as any witness.   But when the words are in the second person, addressed to some one present, the question to whom addressed is a question of fact, necessarily dependent upon opinion more or less distinct.   If the name of the person addressed is not used the bystanders can only have an opinion as to who was meant to be addressed, and this may depend upon many things in the voice, eyes, and gestures, of the utterer.   Two witnesses for the plaintiff below testified that the words were addressed to her, but however positive was their testimony, it was after all, nothing but their opinion.   It was not an opinion necessarily formed from the interpretation of the words used.   The question should have been permitted to be put in the first instance, and if, upon the cross-examination, it had appeared

that the opinion was grounded merely on the words used, the jury should then have been instructed to disregard it.

We think, also, that there was error in the admission in evidence of the plea in justification. When offered originally, the learned judge was perfectly right in rejecting it—for having been withdrawn by leave of the court it was no longer any part of the record—it was as though it had never been entered. Nor did McCue say anything which opened the way for it in rebuttal. When he testified that he never said the assertion was true about the plaintiff, it could not be tortured to refer to the formal plea put in by his attorney. He might have been asked, whether he had ever instructed his counsel to plead in justification, and if he denied·it, perhaps it might have been contradicted by evidence of · such instruction. But the plea itself was inadmissible to prove any such instruction.

Judgment reversed and *venire facias de novo* awarded.