# Rehfuss *versus* Gross.

Judgment was obtained before a magistrate against husband and wife, whereupon the wife alone appealed. After the appeal was taken, the plaintiffs, finding that the evidence would not sustain a judgment against the wife for necessaries, asked leave to amend by striking out her name, so as to leave the husband the sole party defendant:

*Held,* that as the proposed amendment could not in any way obtain a trial on the merits, and as the plaintiffs already held a valid judgment against the husband, unaffected by the appeal, it was not error for the court to refuse permission to make the amendment.

January 28th, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia county :* Of July Term, 1884, No. 154.

This was, in the court below, an appeal by Mary E. Gross, from a judgment entered by a magistrate on October 7th, 1882, for $89.02, in favor of Ulrich and William Rehfuss, trading as U. & W. Rehfuss, against Adolph Gross and Mary E. his wife, on a bill contracted for butcher's meat.

On February 5th, 1883, upon application and proof by Mary E. Gross alone, an appeal was allowed *nunc pro tunc.* On April 12th, 1883, plaintiffs obtained a rule to show cause why the name of Mary E. Gross should not be stricken off on the ground that she had been joined by mistake. This rule was discharged.

Plaintiffs then filed a narr. in assumpsit, charging the defendants " for necessaries contracted for and purchased by the said Mary E. Gross upon her credit, for the support of the

·family of herself and her said husband, and furnished on her order and credit by the said plaintiffs."

On the trial, the evidence was not sufficient to establish liability· on the part of a married woman. Plaintiffs then offered .to· prove that Mary E. Gross was originally made a party to the action by mistake. Objected to. Offer overruled. Plaintiffs then asked leave to amend by striking out the name of Mary E. Gross as a co-defendant. The court refused permission thus to amend and entered a compulsory nonsuit, which the court in banc afterwards refused to take off.

Plaintiffs thereupon took this writ, assigning for error the refusal of the court to allow the above amendment.

*Edward F. Hoffman*, for plaintiffs in error.—After an appeal ·from a justice of the peace the proceedings are *de novo* as to the declaration, pleadings, and evidence : Moore *v.* Wait, 1 Binney, 219 ; Owen *v.* Shelhamer, 3 Id., 45. The form of an action may be changed on an appeal from a justice : Lyon *v.* · Chalker, 2 Watts, 14 ; Caldwell *v.* Thompson, 1 Rawle, 370. An amendment by striking off the name of a party plaintiff or defendant, may be allowed at any stage of the proceeding : Rangler *v.* Hummel, 1 Wright, 130 ; Bolton *v.* King, 14 W. N. C., 361 ; 9 Out., 78.

*Henry A. Mathieu*, and *J. Quincy Hunsicker*, for the defendânts in error.—The rule to be observed in permitting amendments is that the cause of action must remain· substantially the same : Royse *v.* May, 12 Norris, 457 ; Trego *v.* Lewis, 8 Smith, 469 ; Steffy *v.* Carpenter, 1 Wright, 41 ; Root *v.* O'Neil, 12 Harris, 326 ; McNair *v.* Compton, 11 Casey, 27 ; Wager *v.* Chew, 3 Harris, 338 ; Wood *v.* Anderson, 1 Casey, 407 ; Stout's Admrs. *v.* Stout's Admrs., 8 Wright, 457 ; Wright *v.* Hart's Admrs., Id., 456.

Mr. Justice CLARK delivered the opinion of the court, February 23d, 1885.

The several Acts of Assembly authorizing amendments have always been allowed a liberal ·construction, in order that, untrammeled by mere form, trial may be had upon the merits and justice of the case. The first section of the Act 12th April, 1858, substantially provides that the previous Act of 4th May, 1852, shall be so construed as to authorize the courts, where by mistake too many persons have been included as plaintiffs or defendants, and in consequence thereof a trial upon the merits cannot be had, to permit an amendment, by striking off such as have been thus improperly joined.

The grant of the power to amend implies the duty to exer-

cise it in a proper case.   What is a proper case is always a question addressed to the conscience of the court under the special facts presented, but, as a general rule the names of parties whether plaintiffs or defendants, may be stricken out or added whenever it is necessary to a trial on the merits: Ranger v. Hummel, 1 Wright, 133.   An amendment is not always a matter of absolute right, it will not be allowed with a view to give the party in default any unfair advantage ; the purpose of the law is, that the cause may be "tried on the merits."

In this case suit was brought before a magistrate by U. & W. Rehfuss, who were butchers, against Adolph Gross and Mary E. Gross, wife of Adolph, upon an account of $89, for beef which it was alleged the defendants at various dates had purchased from the plaintiffs.   Judgment was obtained on the 7th October, 1882, and on 5th February, 1883, upon proper application and proof, an appeal by Mary E. Gross, alone, was directed to be entered in the Common Pleas nunc pro tunc. The suit as originally brought before the magistrate was not in form nor in fact for necessaries for the support and maintenance of the family; that is not pretended, indeed it is now conceded on the argument of the rule to amend that the debt sued for was not thus contracted.   It is true that when the plaintiffs were driven into a corner, the case assumed this aspect in the pleadings, but in that form the case was admittedly not sustainable.

After the appeal was entered, on the 12th April, 1883, a rule was entered for leave to amend by striking out the name of Mary E. Gross.   Affidavits were filed and the court discharged the rule.   Adolph Gross did not deny the debt; he did not appeal, nor was the appeal entered by his wife taken in his behalf.   Mary E. Gross the wife was entitled to an appeal in her own right, to have determined the question as to her liability to the plaintiffs.   In proceedings upon such an appeal the husband's name was necessarily brought upon the record, but the wife was the substantial party; the case as to him had been adjudicated.   If therefore the plaintiffs' motion had prevailed, it would seem to us that they would have stricken off the only defendant upon the record, as the husband's name, under such circumstances, must necessarily go off the record with hers.   The only effect of such an anomaly would be to deprive defendant of her costs.

But if this were not so, why should they desire, by striking off the name of the wife, to proceed further against the husband?   They already have judgment against him on the docket of the magistrate.   They might wish perhaps to fasten upon him responsibility for the costs which have accrued upon the appeal, but that would be most unfair and unjust.   An

amendment to enable the plaintiffs to consummate such a purpose would not be allowed.    We cannot see how the proposed amendment could, in any way, secure a trial on the merits. And this is the purpose of the law in allowing amendments to be made.

The court below was certainly right in refusing this amendment, and the judgment is affirmed.